IN THE UNITED STATES DISTRICT COURT
NORTHERNG DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD W. GIBBS, | ) | CASE NO. 1:15 CV 2634 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| TERRY TIBBALS, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Currently before the court is the petition of Richard W. Gibbs, Ohio Inmate A530-087 for

a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was initially referred for report and

recommendation to Magistrate Judge Greg White, who has since retired.  Subsequently, by

minute order entered on March 29, 2016 – under the authority of General Order 2016-3 – the

matter was referred to the undersigned for report and recommendation.

Gibbs was convicted of six counts of gross sexual imposition under Ohio Rev. Code §

2907.05(A)(3) on May 18, 2007, following the entry of a plea of guilty on February 26, 2007.[1]

He was sentenced to serve an aggregate prison term of 4 to 10 years on each of the six counts,

with three of the counts to be served concurrently with three other counts.  Therefore, the

aggregate indefinite prison term is, as characterized by Gibbs, 12 to 30 years.[2]  Gibbs is currently

---

[1] ECF Doc. No. 10, Att. 1, Exs. 4, 5 at Page ID Nos. 148-152
[2] Id.; *see also* ECF Doc. No. 4 at Page ID No. 55.

1

incarcerated at the London Correctional Institution, in London, Ohio and is not due for a parole hearing until October 2024.[3]

Gibbs' petition raises three grounds for relief.[4]  The State of Ohio filed a motion to dismiss the petition on the ground that it is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

For the reasons set forth below, it is recommended that the petition be dismissed with prejudice as untimely filed.

## II.  Statement of the Case

A.  Original Proceedings Leading to Conviction.

Gibbs was indicted on ten counts of gross sexual imposition against a victim under the age of thirteen (his son) in violation of Ohio Rev. Code § 2907.05(A)(3) on July 11, 2006.[5]  He pled guilty to indictment counts One through Six on February 26, 2007.  Counts Seven through Ten were dismissed upon motion of the prosecutor pursuant to the plea agreement.  As noted above, Gibbs was sentenced to an aggregate indefinite prison term of 12 to 30 years on May 18, 2007.  At the time of sentencing, Gibbs was advised of his right to appeal the sentence.[6]  No timely direct appeal was filed.

B.  Motion to Vacate Void Sentence

In February 2010, Gibbs filed a motion to vacate what he characterized as a void sentence on the ground that he'd not been afforded proper notice of post release control at the time he entered his plea or at sentencing.[7]  This motion made no mention of Gibbs' later contention that

---

[3] http://www.drc.ohio.gov/OffenderSearch/details.aspx?id=A530087
[4] ECF Doc. No. 4 at Page ID Nos. 59-62.
[5] ECF Doc. No. 10, Att. 1, Ex. 1, at Page ID Nos. 142-145.  The identification of the victim as Gibbs' son was revealed in ECF Doc. No. 10, Att. 1, Ex. 5, at Page ID No. 154.
[6] ECF Doc. No. 10, Att. 1, Ex. 7, at Page ID No. 192.
[7] ECF Doc. No. 10, Att. 1, Ex. 7, at Page ID Nos. 159-203.

the trial court's sentence was contrary to law because it imposed indefinite terms of incarceration

in the absence of statutorily-required specifications and based upon a mischaracterized an earlier

Pennsylvania conviction he had received, which the court concluded required enhancement of

his punishment.  The trial court overruled the motion on March 12, 2010.[8]  Gibbs filed an

untimely appeal of the denial of his motion, which was dismissed by the court of appeals on June

14, 2010.[9]

> C.      Motion to Correct Void Sentence

On June 4, 2010 Gibbs filed a motion to "correct" what he again contended was a void

sentence.[10]  On this occasion, he argued that the sentence was void because the trial court at

sentencing failed to advise him of certain statutory requirements concerning the payment of court

costs.  The trial court overruled the motion on July 7, 2010.[11]

> D.      State Habeas Petition

On March 29, 2012 Gibbs filed a petition for a state writ of habeas corpus.[12]  The petition

offered five grounds for relief: (i) that he had been improperly sentenced on allied offenses; (ii)

that the indefinite 4 to 10 year sentences he'd been given were impermissible for someone like

him (allegedly, a first offender); (iii) that the trial court impermissibly retroactively applied

Ohio's sexual predator classification and sex offender registration laws to him; (iv) that the six

year statute of limitations had expired on the gross sexual imposition charges brought against

him and the trial court impermissibly applied a longer limitations period enacted by the Ohio

General Assembly *after* the limitation period to file the charges against the defendant had

expired; and (v) that he had received ineffective assistance of counsel in the trial court because

---

[8] ECF Doc. No. 10, Att. 1, Ex. 9, at Page ID No. 211.
[9] ECF Doc. No. 10, Att. 1, Ex. 11, at Page ID No. 216.
[10] ECF Doc. No. 10, Att.1, Ex. 12, at Page ID Nos. 219-223.
[11] ECF Doc. No. 10, Att.1, Ex. 14, at Page ID No. 236.
[12] ECF Doc. No. 10, At. 1, Ex. 15, at Page ID Nos. 238-261.

none of the four previously enumerated grounds were raised by his attorney.  The trial court

dismissed the petition with prejudice on May 15, 2012.[13]  Gibbs attempted an appeal of the

dismissal of his state habeas petition, but the appeal was dismissed upon his motion on August 8,

2012.[14]

   E.  Motion to Dismiss Indictment

   Defendant moved to dismiss his 2006 indictment on August 30, 2012.[15]  The motion

again contended that the statute of limitations had expired on the gross sexual imposition charges

before they were filed against him.  And the motion contended that a 1999 Ohio state that

extended the statute of limitations to 20 years was inapplicable to him because the amendment

wasn't enacted until after the statute of limitations had already expired as to his conduct.  The

trial court overruled the motion on September 20, 2012 based on its conclusion that the extended

statue had been enacted within six years (the original limitations period) from when the statute of

limitations was triggered by the victim's disclosure of defendant's sexual abuse to a mandatory

reporter.[16]  Gibbs never appealed that decision.

   F.  Motion to Withdraw Guilty Plea

   On October 11, 2012 (within what would have been his appeal period to challenge the

ruling on his motion to dismiss the indictment) Gibbs filed a motion to withdraw his guilty

plea.[17]  Gibbs contended he should have been allowed to withdraw his plea in order to correct a

manifest injustice resulting from having been misadvised by counsel concerning the maximum

potential penalties for gross sexual imposition.  He also contended that the court imposed a more

---

[13] ECF Doc. No. 10, Att. 1, Ex. 16, at Page ID No. 262.
[14] ECF Doc. No. 10, Att. 1, Ex. 17, at Page ID No. 263.
[15] ECF Doc. No. 10, Att. 1, Ex. 18, at Page ID Nos. 264-267.
[16] ECF Doc. No. 10, Att. 1, Ex. 20, at Page ID No. 273.
[17] ECF Doc. No. 10, Att. 1, Ex. 21, at Page ID Nos. 274-281.

severe sentence than allowed by law.  The trial court overruled the motion on November 27, 2012, concluding that defendant was not entitled to rely upon the particular provision of the Ohio Revised Code upon which he had based his motion, that he had not demonstrated the existence of a manifest injustice, and that his motion was untimely.[18]

Gibbs appealed the decision overruling his motion to withdraw his plea.  On March 31, 2014 the Ohio Eleventh District Court of Appeals affirmed the decision of the trial court.[19]

Gibbs requested the right to appeal the Eleventh District Court of Appeals decision to the Ohio Supreme Court.[20]  But the Ohio Supreme Court declined to accept jurisdiction of the appeal on July 23, 1014.[21]  Gibbs filed a petition for writ of certiorari in the United States Supreme Court on September 5, 2014. On April 6, 2015 the Supreme Court denied the petition.[22]

G.      Motion for Relief From Judgment

On January 21, 2014 Gibbs filed a motion for relief from judgment, challenging the application of the Adam Walsh Act sexual predator classification to him as a result of a hearing conducted on May 16, 2007 (the date of his original sentencing).[23]  The trial court overruled Gibbs' motion on February 21, 2014 finding that he had not been classified as a "Tier III offender" under the Adam Walsh Act, but had, instead, been appropriately classified as a "sexual predator" under the AWA predecessor, "Megan's Law."[24]

H.      Attempt to Pursue Delayed Direct Appeal

---

[18] ECF Doc. No. 10, Att. 1, Ex. 24, at Page ID No. 299.
[19] ECF Doc. No. 10, Att. 1, Ex. 32, at Page ID No. 351.
[20] ECF Doc. No. 10, Att. 1, Ex. 33, at Page ID Nos. 363-393.
[21] ECF Doc. No. 10, Att. 1, Ex. 35, at Page ID No. 394.
[22] ECF Doc. No. 10, Att. 2, Ex. 112, at Page ID No. 846.
[23] ECF Doc. No. 10, Att. 1, Ex. 36, at Page ID No. 395-397.
[24] ECF Doc. No. 10, Att. 1, Ex. 38, at Page ID No. 401.

On April 22, 2014 Gibbs filed a notice of appeal from the judgment of conviction entered on May 17, 2007.[25]  Gibbs filed a contemporaneous motion for leave file a delayed appeal.[26]  For grounds, Gibbs asserted that he had been advised by trial counsel that he had waived his right to appeal by pleading guilty, but he contended he "had always desired to appeal his sentence and conviction, but since he was misled by trial counsel into believing he had no right to appeal, he failed to perfect his notice of appeal."[27]  Gibbs also argued that he was lacking in legal experience was unaware he could appeal what he characterized as his void sentence.[28]

The court of appeals denied Gibbs the right to pursue a delayed appeal on December 31, 2014.[29]  The court pointed out that there is no constitutional right to a direct appeal; instead, any right of appeal is created by statute and court rule.[30]  And the court concluded that Gibbs had not satisfied the requirement of Rule 5(A) of the Ohio R.  App. P. to demonstrate satisfactory reasons for not having filed a direct appeal or for waiting nearly seven years to seek leave to file a delayed appeal.[31]  A dissenting opinion would have allowed the delayed appeal so that Gibbs could have had a direct review – for the first time – of his original conviction.[32]

On February 3, 2015 Gibbs filed a notice of appeal and a memorandum in support of jurisdiction in order to have the denial of his request for delayed appeal reviewed by the Ohio Supreme Court.  The memorandum in support of jurisdiction asserted that the court should decide whether a convicted person had a constitutional right to appellate review and whether his conviction was void because of a misapplication of Ohio sentencing law (involving the

---

[25] ECF Doc. No. 10, Att. 1, Ex. 39, at Page ID No. 402.
[26] ECF Doc. No. 10, Att. 1, Ex. 40, at Page ID Nos. 408-415.
[27] Id. at Page ID No. 411.
[28] Id. at Page ID. Nos. 412-13.
[29] ECF Doc. No. 10, Att. 1, Ex. 43, at Page ID Nos. 424-433.
[30] Id. at Page ID Nos. 426-27.
[31] Id. at Page ID No. 429.
[32] Id. at Page ID Nos. 432-33.

characterization of an earlier Pennsylvania conviction that Gibbs had received).[33]  By entry dated May 20, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal.[34]

      I.      Motion for Relief from Judgment

Gibbs filed a motion for relief from judgment under Ohio Civil Rule 60(B)(5) on April 22, 2014.[35]  The motion argued once again that the original charges filed against him in 2006 were barred by the statute of limitations that existed when he committed his acts between 1987 and 1989.  The trial court disagreed, overruling the motion on May 23, 2014.[36]

      Gibbs appealed the denial of his Rule 60(B) motion on June 9, 2014.  By entry dated December 31, 2014 the court of appeals affirmed the decision of the trial court.[37]

      J.      Motion to Vacate Void Sentence and Judgment

      Gibbs once again moved to vacate his allegedly void sentence by a motion filed on September 10, 2014.[38]  The motion again raised the contention that his sentences were void because they were contrary to law.  The trial court disagreed, overruling the motion by an order entered on September 24, 2014.[39]  Gibbs filed a notice of appeal from the September 24 decision.[40]  The state moved to dismiss the appeal asserting *res judicata* grounds.  Later, the state filed an additional motion to dismiss the appeal, contending the trial court lacked jurisdiction to issue the September 24, 2014 order (because of the pendency of an appeal).  On August 10,

---

[33] ECF Doc. No. 10, Att. 1, Ex. 45, at Page ID No. 443.
[34] ECF Doc. No. 10, Att. 2, Ex. 47, at Page ID No. 481.
[35] ECF Doc. No. 10, Att. 2, Ex. 48, at Page ID Nos. 482-89.
[36] ECF Doc. No. 10, Att. 2, Ex. 51, at Page ID No. 500.
[37] ECF Doc. No. 10, Att. 2, Ex. 57, at Page ID Nos. 546-555.
[38] ECF Doc. No. 10, Att. 2, Ex. 58, at Page ID Nos. 556-571
[39] ECF Doc. No. 10, Att. 2, Ex. 60, at Page ID No.576.
[40] ECF Doc. No. 10, Att. 2, Ex. 73, at Page ID Nos. 650-654.

2015, the court of appeals dismissed the appeal because the trial court lacked jurisdiction to issue the September 24, 2014 order due the pendency of one of Gibbs' appeals.[41]

    a.  State's Motion to Strike Reply Brief and State's Motion to Revoke Gibbs' *In Forma Pauperis* status

On September 29, 2014 Gibbs filed a reply to the state's brief opposing the motion to vacate the allegedly void sentence (the reply was filed five days after the trial court ruled on the motion to vacate).[42]

The state moved to strike that brief given that the motion had already been decided.[43] The state also moved to strike Gibbs' *in forma pauperis* status, arguing that his multiple filings of "meritless" motions and appeals was frivolous conduct.[44]  The trial court, by journal entry dated October 10, 2014 indicated that Gibbs' responses to the state's motion to strike and motion to revoke must be filed in accordance with Local Rule 7 of the Geauga County Court of Common Pleas.[45]  Instead of responding to the state's motions, Gibbs filed a notice of appeal from the October 10 scheduling order.[46]  The court of appeals dismissed the appeal because the October 10 order was not a final appealable order.[47]

On January 28, 2015 the trial court ordered Gibbs' reply brief in opposition to the state's brief opposing Gibbs' motion to vacate void sentence stricken from the record on the ground that the reply in opposition was filed after the court had already ruled on the motion to vacate.[48]  On the same date, the trial court ordered Gibbs' *in forma pauperis* status revoked.[49]

---

[41] ECF Doc. No. 10, Att. 2, Ex. 79, at Page ID Nos. 686-692
[42] ECF Doc. No. 10, Att. 2, Ex. 61, at Page ID Nos. 577-602.
[43] ECF Doc. No. 10, Att. 2, Ex. 62, at Page ID No. 603.
[44] ECF Doc. No. 10, Att. 2, Ex. 63, at Page ID No. 605.
[45] ECF Doc. No. 10, Att. 2, Ex. 64, at Page ID No. 609.
[46] ECF Doc. No. 10, Att. 2, Ex. 65, at Page ID No. 610.
[47] ECF Doc. No. 10, Att. 2, Ex. 68, at Page ID Nos. 619-624.
[48] ECF Doc. No. 10, Att. 2, Ex. 70, at Page ID No. 634.
[49] ECF Doc. No. 10, Att. 2, Ex. 71, at Page ID No. 635.

Gibbs, on February 11, 2016 filed a notice of appeal from the trial court's January 28, 2015 orders, accompanied by affidavits of indigence.[50]  That appeal remains pending currently.

K.      Motion to Vacate Void Sentence and Judgment

On October 10, 2014 Gibbs filed a third motion to vacate void sentence, again challenging the propriety of his sentence on the same grounds he had asserted in his prior filings (that he should have received a shorter definite sentence rather than an indefinite sentence of longer duration).[51]  On December 15, 2014 Gibbs moved for judgment on the pleadings in regard to the third motion to vacate sentence.[52]  On January 28, 2105 the trial court denied the motion to for judgment on the pleadings because it concluded that it lacked jurisdiction to consider the motion.[53]

Gibbs filed a notice of appeal on February 19, 2015 concerning denial of the third motion to vacate his allegedly void sentence, and he appealed the trial court's conclusion that it lacked jurisdiction to consider a motion for judgment on the pleadings with respect to that motion.  The notice also challenged the trial court's January 28, 2015 ruling revoking his *In Forma Pauperis* status.[54]  Gibbs filed a motion to consolidate his appeals on March 2, 2015, but it was denied because the prior appeal had already been dismissed when consolidation was sought.[55]  Defendant's appeal remains pending.

L.      Fourth and Fifth Motions to Vacate Void Sentence and Judgment

---

[50] ECF Doc. No. 10, Att. 2, Ex. 72, at Page ID Nos. 636-649.
[51] ECF Doc. No. 10, Att. 2, Ex. 80, at Page ID Nos. 693-709.
[52] ECF Doc. No. 10, Att. 2, Ex. 81, at Page ID Nos. 714-716.
[53] ECF Doc. No. 10, Att. 2, Ex. 84, at Page ID No. 725.
[54] ECF Doc. No. 10, Att. 2, Ex. 85, at Page ID Nos. 727-733.
[55] ECF Doc. No. 10, Att. 2, Ex. 91, at Page ID No. 762.

Gibbs filed his fourth and fifth motions to vacate his allegedly void sentence on August 20, 2015 and October 6, 2015.[56] The state moved to strike the August 20 motion and urged the trial court to deny the October 6 motion. The state asserted that the August 20 motion was filed in violation of the trial court's earlier order revoking Gibbs' *In Forma Pauperis* status, and it contended the trial court lacked jurisdiction to consider the October 6 motion because there was an appeal pending that had divested the trial court of jurisdiction over the case.  The trial court granted the motion to strike the August 20 motion.[57] The trial court overruled the October 6 motion based on the conclusion that it lacked jurisdiction to consider the matter.[58]  Gibbs did not appeal either order.

## III.    Federal Habeas Petition

On December 17, 2015 Gibbs filed[59] a federal petition for writ of habeas corpus.[60]  Gibbs' petition raises three grounds for relief:[61]

> GROUND ONE:
> Appellate Court Committed Prejudicial Error In Denying Petitioners'[] Request For Delayed Appeal/Petitioner Was Denied Equal Protection [and] Due Process Of Law When He Was Sentenced Contrary To Statute To Enhanced Penalties Without The Necessary Specifications.
> SUPPORTING FACTS:
> Appellate court committed prejudicial error when it denied Petitioner's request for delayed appeal in violation of the Ohio & U.S. Constitutions. The trial court abused its discretion & committed prejudicial error creating a manifest injustice when it sentenced Petitioner to indefinite sentences on specification(s) that were lacking in the indictment, rendering the sentence(s) impossible & imposed without authority.

---

[56] ECF Doc. No. 10, Att. 2, Exs. 94, 97, at Page ID Nos. 772-788; 792-803.
[57] ECF Doc. No. 10, Att. 2, Ex. 96, at Page ID No. 791.
[58] ECF Doc. No. 10, Att. 2, Ex. 99, at Page ID No. 807
[59] Gibbs signed his petition for writ of habeas corpus on December 11, 2015, and it was date stamped in the mail room at Lorain Correctional Institution on the same date.  The petitions was docketed on December 17, 2015 (ECF #4)
[60] ECF Doc. No. 4.
[61] Id. at Page ID Nos. 59-62.

GROUND TWO:

Trial Court Committed Prejudicial Error In Violation Of Petitioner's Equal Protections & Due Process Rights When It Denied Petitioner's Motion To Withdraw Guilty Plea In Violation of The U.S. and Ohio Constitutions.

SUPPORTING FACTS:

Petitioner was misadvised as to the maximum sentence(s) he would be facing by the trial court & trial counsel at his change of plea hearing when he was misled into pleading guilty to enhanced penalties (indefinite sentence(s)) he was not facing since no specification were included in the indictment of the grand jury making both the sentence(s) & plea invalid. Trial court lacked jurisdiction to perform such an act when no authority was permitted by legislature.

GROUND THREE:

Trial & Appellate Court Committed Prejudicial Error In Violation Of Petitioner's Equal Protections & Due Process Right When Petitioner Was Denied Due Process & Equal Protections On This Issue.

SUPPORTING FACTS:

Petitioner's sentence(s) & plea are void & invalid where the judgment & sentence violate Ohio statutes, and the sentence(s) were not a possibility. The trial court acted without authority when no specifications were present anywhere in the indictment. There was no specifications, therefore, the trial court lacked jurisdiction to impose indefinite sentence(s).

**IV.    Analysis**

   A.    Preliminary Matters

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court."  Plainly, Gibbs fits this classification as he is in custody at an Ohio penal institution pursuant to the judgment of the Geauga County, Ohio common pleas court in case number 06 C 000077, issued on May 18, 2007.

There is a dispute as to whether defendant's petition was timely filed under the provisions of 28 U.S.C. § 2244(d)(1).  The state's motion to dismiss, as indicated above, asserts that the

11

petition is untimely because the one year limitation period expired at some point in June 2008.[62]
Gibbs contends the petition is timely, as detailed in Section 18 of his petition.[63]  In sum, Gibbs
contends that the judgment of conviction is void and, therefore, a nullity.  He argues that a void
judgment must be treated as if it does not exist and that any time limitation for seeking federal
habeas relief can only begin to run from the date of a valid final judgment by a state court.  In
addition, Gibbs' three grounds for relief make it plain that he also seeks federal habeas relief in
relation to the denial of his right to pursue a delayed appeal by the Ohio Court of Appeals and
the denial of his motion to withdraw his guilty plea; he contends the Section 2254 petition was
filed within one year of the denial of those motions.

Gibbs has not requested an evidentiary hearing or the appointment of counsel to represent
him at a hearing.[64]

B.     Application of Controlling Statutory Provisions

1.     Statute of Limitations

The state has moved to dismiss the petition on the ground that it is time-barred under
applicable law.  Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and
Effective Death Penalty Act of 1996 ("AEDPA"),[65] a person in custody under a judgment of a
state court must file an application for a writ of habeas corpus within ***one year*** from the ***latest*** of:

(A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State
action in violation of the Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State action;

---

[62] ECF Doc. No. 10, at Page ID No. 126.
[63] ECF Doc. No. 4, at Page ID No. 67.
[64] Rule 8(c), Rules Governing Section 2254 and 2255 Cases.
[65] Pub. L. No. 104-132, 110 Stat. 1214.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (A) is regarded as the principal statute of limitations for pursuit of habeas petitions under AEDPA. Subsections (B), (C) and (D) assign later statute of limitations commencement dates under the specified conditions.

2. Commencement of Federal Habeas Statute of Limitations Period

This petition arises from Gibbs' May 18, 2007 conviction – after a guilty plea – to six counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(3), as it existed at the time of the offenses in 1987-1989.[66] He was sentenced to serve indefinite sentences of 4 to 10 years on each count, with Counts 1 and 2 to be served concurrently to each other but consecutively to the other counts, Counts 3 and 4 to be served concurrently to each other but consecutively to the other counts, and Counts 5 and 6 to be served concurrently to each other but consecutively to the other counts.[67] His aggregate prison term was, therefore, 12 to 30 years. Gibbs also was adjudicated a sexual predator on May 16, 2007, based on the trial court's findings[68] that:

1) Gibbs was born in 1941;

2)  Gibbs had prior convictions of a sex offense (i.e. corruption of a minor and indecent assault);

3) The victim of the offenses was from 11 to 13 years old at the time of the offenses;

4) The victim of the offenses was Gibbs' son;

5) Though possibly periodically depressed, Gibbs evidenced no mental illness of disability;

---

[66] ECF Doc. No. 10, Att. 1, Ex. 4, at Page ID Nos. 150-152.
[67] *Id.*
[68] ECF Doc. No. 10, Att. 1, Ex. 5, at Page ID Nos. 153-154.

6) Gibbs did not subject the victim to physical cruelty;

7) Gibbs' conduct constituted a pattern of sexual abuse of his son over a period of years.

Although Gibbs was advised at the time of sentencing of his right to appeal the sentence,[69] he did not pursue a direct appeal within the thirty days allowed under Ohio law. Rule 4(A)(1), Ohio R. App. P. As a result, Gibbs' one year period to file a 28 U.S.C. § 2254 federal habeas petition began to run the day after the expiration of his original appeal period, or June 19, 2007. According to § 2241(d)(1)(A), his judgment became final on that date, upon the expiration of his time to seek review of his conviction.     The one year statute of limitations expired one year later, on June 19, 2008. Although Gibbs' petition left blank the date on which the petition was placed in the prison mailing system, Gibbs signed the document on 11 December 2015, and the cover page bears a stamp indicating the petition was, "Scanned at LoCI[70] and emailed on 12-11-2015." By inference, therefore, the petition was filed on December 11, 2015. Thus, Gibbs filed his petition seven and one-half years after the expiration of the statute of limitations. The court should find that Gibbs' petition is untimely and barred by provisions of 28 U.S.C. § 2241(d)(1)(A) unless there is a basis for concluding that the statute of limitations period commenced on a later date and/or unless the expiration of the statute of limitations was tolled. *See, Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 460 (6th Cir. 2012).

Gibbs has asserted that his petition *was* timely filed because his underlying conviction was void. In essence, Gibbs argues that a void action of a court is a nullity and cannot, as a result, trigger the running of a statute of limitations. He ostensibly asserts that a void judgment of conviction means he was never actually, properly convicted. This contention will be addressed in the discussion of equitable tolling below. Further, Gibbs points to the Ohio Court

---

[69] ECF Doc. No. 10, Att. 1, Ex. 7, at Page ID No. 192.
[70] London Correctional Institution.

of Appeals' denial of his motion to pursue a delayed appeal and the trial court's denial of his motion to withdraw his guilty plea as events that triggered his right to seek federal habeas relief. He contends his Section 2254 petition was filed within one year of final state court review of those motions.[71]

Gibbs has not argued, nor is there evidence in the record to suggest, that the provisions of 28 U.S.C. §§ 2244(d)(1)(B) through (D) apply to establish a later commencement date for the statute of limitations. He has not alleged that a State-created impediment prevented him from filing the instant petition or that he filed within one year of the removal of such an impediment.[72] He has not alleged that he filed within one year of the date on which the Supreme Court initially recognized a constitutional right upon which he relies.

Regarding 28 U.S.C. § 2244(d)(1)(D), even though Gibbs asserts a right to habeas relief under Section 2254 to free him from the effect of an allegedly void judgment of conviction, he has not contended that he was unaware of the factual predicate for that claim from his date of sentencing. Indeed, all of facts pertaining to Gibbs' allegedly void sentence were known to him as of his sentencing date: he was aware at that time he had been indicted without (i) a specification of prior offenses or (ii) a specification for an indefinite prison term for being convicted a second time with a qualifying offense of violence; and he was aware that he was

---

[71] The way Gibbs' has framed his three grounds for habeas makes it appear that he has attempted to present federal constitutional claims purporting to arise from state law decisions that are normally not cognizable in a Section 2245 petition. For example, he claims his federal due process and equal protection rights were abridged by the Ohio Court of Appeals decision refusing his motion to pursue a delayed appeal. And he makes the same contention with respect to the state trial court's denial of his motion to withdraw his guilty plea. Because Gibbs' conviction became final and his federal habeas statute of limitations expired years before those state court actions occurred, the court need not parse his claims individually in order to separate the potentially cognizable federal claims from those that are not.

[72] Although Gibbs has not directly asserted the point, to the extent he implies that a void judgment was an impediment to the filing of his Section 2245 petition, his own conduct belies the argument. He has filed numerous motions and applications, including the instant one, notwithstanding his claim that his 2007 conviction is void.

sentenced to indefinite terms of incarceration of 4 to 10 years on each of six counts for an

aggregate indefinite sentence of 12 to 30 years.  The fact that one *contends* his conviction is void

does not by its own power negate the conviction.  And such a contention does not mean a habeas

petitioner is freed from the Section 2244 statute of limitations.  *See, e.g. Keeling,* 673 F.3d at 461

(petitioner's federal habeas petition time barred even though he contended his conviction was

void).

Because of the absence of grounds to apply the provisions in 28 U.S.C. §§

2244(d)(1)(B)(C) or (D), each of Gibbs' asserted grounds for relief is governed by 28 U.S.C. §

2244(d)(1)(A).  As noted above, that period expired on June 19, 2008 unless the provision of 28

U.S.C. § 2244(d)(2) statutorily tolled the limitations period or unless he was entitled to argue for

equitable tolling.  *Keeling*, 673 F.3d at 460.

3.        Applicability of Statutory Tolling

28 U.S.C. § 2244(d)(2) "provides for statutory tolling of the limitations period during the

pendency of properly filed motions for state post-conviction relief, or other collateral review."

*Keeling, Id.*  As detailed in the court's summarization of Gibbs' case history above, Gibbs filed

numerous post-conviction motions or petitions with the Geauga County Court of Common Pleas,

the Hocking County Court of Common Pleas, the Ohio Court of Appeals, the Ohio Supreme

Court and the United States Supreme Court after the first of them was filed on February 22,

2010.[73]  Such documents were filed "with respect to the pertinent judgment" in that each of them

sought to obtain court review, modification, or vacation of Gibbs' plea, sentence, or conviction.

But because all of his state court post-conviction motions and the related petition for writ of

certiorari to the United States Supreme Court were filed *after* the 28 U.S.C. § 2244(d)(1) statute

of limitations to file a Section 2254 petition had expired, statutory tolling does not apply in this

_____

[73] ECF Doc. No. 10, Att. 1, Ex. 7, at Page ID No. 159.

case.  *Keeling,* 673 F.3d at 460.  "The [statutory] tolling provision does not . . . 'revive' the

limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not

yet fully run."  *Vroman v. Brigano*, 346 F.3d 598, 602 (quoting *Rashid v. Khulmann*, 991 F.

Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is expired, state collateral review

proceedings can no longer serve to avoid the statute of limitations bar.  *Keeling*, 673 F.3d at

460.[74]

      Gibbs contends his application for a writ of habeas corpus was filed within one year of

the date(s) on which direct review of his motion to pursue delayed appeal and his motion to

withdraw his guilty plea was complete in the state court system.  In effect, Gibbs is arguing for

the reinitiation of his statute of limitations to commence a Section 2254 claim.  This sort of

contention was expressly rejected by the Sixth Circuit in Keeling v. Warden.  The Eleventh

Circuit decision in *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) succinctly stated

why the argument now made by Gibbs cannot succeed:

> Under § 2244(d)(2), even "properly filed" state-court petitions must be "pending"
> in order to toll the limitations period. A state-court petition like Webster's that is
> filed following the expiration of the limitations period cannot toll that period
> because there is no period remaining to be tolled. In effect, Webster argues not
> merely for the tolling of the period, but for its reinitiation. Section 2244(d) makes
> no such provision where the reason for reinitiation is creation of a new remedy
> under state law.

---

[74] Gibbs filed appeals with respect to certain of his post-conviction motions, which have been described in
the case history section above. (*See* ECF Doc. No. 10, Att. 1, Ex. 10, Page ID No. 212; ECF Doc. No. 10,
Att. 1, Ex. 25, Page ID No. 301; ECF Doc. No. 10, Att. 1, Ex. 33; ECF Doc. No. 10, Att. 2, Ex. 52, Page
ID No. 502; ECF Doc. No. 10, Att. 2, Ex. 65, Page ID No. 610; ECF Doc. No. 10, Att. 2, Ex. 72, Page ID
No. 636; ECF Doc. No. 10, Att. 2, Ex. 73, Page ID No. 650; and ECF Doc. No. 10, Att. 2, Ex. 85, Page
ID No. 727).  He also filed a Motion for Leave to File Delayed Appeal on April 22, 1014 (*See* ECF Doc.
No. 10, Att. 1, Ex. 39, Page ID Nos. 402, 408) which was overruled by the Ohio Court of Appeals on
December 31, 2014 (ECF Doc. No. 10, Att. 1, Ex. 43, Page ID No. 424).  He sought Ohio Supreme Court
review of the denial of delayed appeal, but the court declined to accept jurisdiction (ECF No. 10, Att. 2,
Ex. 47).  None of the appeals referred to started the statute of limitations running anew.  *Keeling v.
Warden, Lebanon Correctional Inst*, 673 F.3d at 460.  Had the court of appeals granted Gibbs' request for
delayed appeal, it would have "restored" the pendency of his direct appeal and activated a new limitations
period for filing a federal habeas petition.  *Jimenez v. Quarterman*, 555 U.S. 113, 120-121 (2009).

*Accord, Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003)("[A] motion for state post-conviction review that is filed following the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled"); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001)(motion for delayed appeal had no effect on the AEDPA limitations period); *Winkfield v. Bagley*, 66 F. App'x 578, 582 (6th Cir. 2003)( application to reopen petitioner's appeal also has no effect on the AEDPA limitations period after period has expired).

Though the Ohio state courts are free to entertain motions to permit delayed appeals and motions to withdraw guilty pleas whenever in their discretion they conclude an imprisoned person has made the requisite showings to be granted relief, the filing of such motions has no effect upon the statute of limitations for seeking relief under Section 2254 once the statute of limitations has expired.  In other words, there is no new right to seek federal habeas relief in order to challenge in federal court the propriety of state court rulings after the federal habeas statute of limitations has expired.

Under the current situation, the court should conclude that Gibbs did not file his petition for federal habeas relief within the time limits established in 28 U.S.C. § 2244.

        2.      Equitable Tolling

The court's conclusion that the statute of limitations to file a Section 2254 petition has expired does not end the analysis of whether Gibbs' petition is fully time-barred.  The AEDPA's statute of limitations is subject to equitable tolling, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012).  *See also*, *Holland v. Florida*, 560 U.S. 631, 649 (2010)(the statute of limitations for habeas petitions is

"subject to equitable tolling in appropriate cases."). But equitable tolling is granted "sparingly." *Hall,* 662 F.3d at 749 (quoting *Robertson*, 624 F.3d at 784).

Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply.  *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)).  Therefore, a habeas petitioner is entitled to equitable tolling only if he meets his burden to demonstrate that (1) "he has been diligent in pursuing his rights;" and (2) that "an extraordinary circumstance caused his untimely filing."  *Hall,* 662 F.3d at 750; *see also*, *Pace*, 544 U.S. at 418.

Gibbs bears the burden of establishing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  The petitioner must point to extraordinary circumstance that prevented timely filing.  A petitioner's *pro se* status and his unawareness of the law provide no basis for equitable tolling.  The Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Applying these principles to Gibbs' case should lead the court to the conclusion that equitable tolling cannot be applied to extend his statute of limitations by the seven and one-half years that would be required to render his petition timely.  First, Gibbs has not argued for the application of equitable tolling.  The state filed its motion to dismiss on statute of limitations grounds.  Gibbs did not file a traverse or other pleading to assert the applicability of equitable

tolling.  Because Gibbs bears the burden to establish the applicability of the doctrine, his failure to demonstrate that he meets the requisite criteria empowers the court to give no further consideration to the issue.

Second, a review of Gibbs' grounds for relief reveals his contention that his claims for relief *are* timely, because he asserts violations of his constitutional rights arising from the denial of his motion to pursue a delayed appeal and the overruling of his motion to withdraw his guilty plea.[75]  Although he also contends his due process and equal protection rights were violated when an allegedly void sentence was imposed, he never addresses why that issue was not brought to the court within the original one year statute of limitations.

Third, the case history plainly reveals a petitioner who has become increasingly aware of his legal rights over the passage of time.  He pled guilty in February 2007 and was ordered in May 2007 to serve indefinite aggregate prison terms of 12 to 30 years.  He didn't bring any issue to any court until 2010 (nearly two years after the expiration of his time limit to seek federal habeas review), when he requested a determination that his sentence was void because he'd not received proper notification of his post release control obligation.  After that issue was resolved, he returned to court seeking a declaration that his sentence was void because he'd not been given a proper notice regarding court costs.  These motions demonstrated that Gibbs knew how to bring issues of concern to the attention of the court.  For reasons unexplained, he never came to federal court until the end of 2015.

Further, while Gibbs has filed dozens of motions and briefs since 2010, and has been diligent about seeking state court review of adverse decisions in those instances, he has been silent about why he didn't come to federal court in regard to his contention that his original

---

[75] As has been explained above, these filings are irrelevant to the determination of whether Gibbs' petition was timely filed.

conviction was void and imposed in violation of his constitutional rights.  In other words, he hasn't met his burden to demonstrate that he has been diligent in pursuing his rights.

For all of the foregoing reasons, the court should conclude that equitable tolling is inapplicable in this case.

### 3.     No Claim of Actual Innocence

In *McQuiggin v. Perkins*, ___U.S.___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations.  The Court noted that a claim of actual innocence is not a request for equitable tolling; rather, it is a request for an equitable exception to § 2244(d)(1).  *Id.* at 1931.  The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare."  *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).  Here, Gibbs has not argued that he is actually innocent.  Absent a contention supported by sufficient evidence, the court need not make any further analysis of the application of the exception.

Based upon the foregoing analysis, the Court should find Gibbs' petition for writ of habeas corpus to be time-barred.

### C.     Recommendation Regarding Certificate of Appealability

### 1.     Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of

habeas corpus unless a judge issues a certificate of appealability.  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.""'  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  The statute requires that certificates of appealability specify which issues are appealable.  28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a).  In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

22

    2.   Analysis

   Where, as here, a petition is to be dismissed on a procedural basis, the inquiry under §

2253(c) is two-fold.  In such cases, a certificate of appealability "should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 485 (emphasis

added).  As the Court explained, "[w]here a plain procedural bar is present and the district court

is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further.  In such a circumstance, no appeal would be warranted."  *Id*. at 486.

   If the Court accepts the foregoing recommendation, Gibbs cannot show that the Court's

ruling on the procedural question is reasonably debatable.  As noted above, Gibbs' habeas

application is untimely by a number of years, and he has provided no basis for concluding that he

is entitled to a delayed starting of the limitations period under § 2244(d)(1)(B), (C) or (D), that

he is entitled to statutory tolling under § 2244(d)(2), or that he is entitled to equitable tolling.

Neither the importance nor merit of Gibbs' claim provides a basis for overcoming the limitations

bar.  Thus, the resolution of the limitations issue is not reasonably debatable, and the Court

should conclude that Gibbs is not entitled to a certificate of appealability.

D.     Conclusion

In view of the foregoing, I recommend that the Court conclude that petitioner's application for a writ of habeas corpus is time-barred under 28 U.S.C. § 2244.  Accordingly, the Court should grant the State of Ohio's motion and dismiss the petition with prejudice.  If the Court accepts this recommendation, the Court should also deny the certificate of appealability.

Dated: <u>5/2/16</u>                                          <u>/s/Thomas M. Parker</u>
                                                              U.S. Magistrate Judge


**IV. Notice to Parties Regarding Objections:**

Local Rule 73.2 of this court provides:

Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

24